IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

      v.                          *      Case No. ABA-25-143

   PATRICK BRITTON-HARR          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S MOTIONS IN LIMINE

On April 1, 2026, the Court set a deadline of April 10, 2026, for the filing of additional motions in limine, if any. ECF 56. The defense requests the following:

1. That the government be prohibited from presenting evidence or argument concerning the income tax filings of Mr. Britton-Harr or any business owned by him where he would have been the party required to make such filing.

2. That the government advises any of its witnesses prior to taking the witness stand who may be called by the government and who may have knowledge of the income tax filing status of Mr. Britton-Harr or his businesses are barred from testifying about this status.

3. That the government be prohibited from presenting evidence or argument concerning the existence of United States v. Patrick Britton-Harr, Case No. ABA-25-144.

4. That the government advises any of its witnesses prior to taking the witness stand who may be called by the government

1

and who may have knowledge of that prosecution noted above are barred from testifying about that case.

5. That the government be prohibited from presenting evidence or argument of the existence or outcome of the case captioned as William R. Morris, III, et al., v. Patrick Britton-Harr, Case No. C-15-cv-23-002615, in the Circuit Court for Montgomery County.

6. That the government and defense advise any witness who may testify to the existence or outcome of the case that such evidence is prohibited.

**Legal Standard**

The government outlined the relevant law and purposes of motions in limine, and the Defendant agrees with the law and purposes cited in its submission on February 18, 2026, at ECF 48 and will make no further argument in this motion.

**Argument**

The Arguments made are numbered in the order they appear in this motion.

1. **Preclude evidence of Britton-Harr's personal or business income tax returns.**

Upon information and belief, Mr. Britton-Harr did not file personal or business income tax returns for several years. The Court should not permit the government to admit evidence or argue to the jury this fact.

2

Rule 404(b) permits evidence of a prior criminal act or wrong or "bad act" unless such evidence is offered for a specific purpose of establishing "motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident."

In United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997) the court ruled the government must demonstrate that such evidence is "relevant to an issue, such as an element of the offense; and the 'act must be necessary in the sense that it is probative of an essential claim or an element of the offense;' and the 'evidence is reliable;' and finally, the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in that it tends to subordinate reason to emotion in the factfinding process." See further, United States v. Walker, 32 F.4th 377 (4th Cir. 2022).

On the other hand, should a defendant place his character at issue, the generosity of the rule may not bar the government from attempting to counter a defendant's evidence of his character. See United States v. Johnson, 634 F.3d 735, 737-38 (4th Cir. 2013).

Here, failure to file tax returns evidence is not relevant to any issue in the pending case and there are no similar statutory elements that the two offenses share.

3

The government cannot show that the act is necessary and probative to establish a claim or an element of the offense charged.

The defense does not argue that the government would be unable to demonstrate the reliability of the "bad act" if it were permitted to do so.

Finally, any probative value must outweigh the possible confusion or especially in this case, unfair prejudice to Mr. Britton-Harr. Permitting the jury to know Mr. Britton-Harr failed to file several years of personal and business tax returns would result in a visceral reaction to jury members designed to attack Mr. Britton-Harr's character, overriding any probative value such evidence might provide.

2) **Should the Court agree with the request contained in 1) above it should direct the government's witnesses from testifying to the matter.**

We request the Court to have the government counsel direct any witness prior to taking the stand that may be aware of Mr. Britton-Harr's income tax matters that they are prohibited from testifying about that matter.

3) **Prohibit any testimony or argument of the case United States v. Britton-Harr, Case No. ABA-25-144.**

This case is scheduled for trial in the fall of this year. It has been colloquially known as the "health care" case. It is alleged that Mr. Britton-Harr had set up one or more companies

during the COVID-19 pandemic and one or more of those companies defrauded the United States by issuing fraudulent invoices for medical procedures that were not performed or otherwise not authorized to be performed. This alleged activity occurred before the activities now pending in the AeroVanti case scheduled for trial in May. Counsel has not reviewed the discovery in that case.

The arguments made in 1) above are equally applicable in the context of this request. Permitting a pending indictment to be known to the jury is especially prejudicial given a grand jury has already found probable cause to issue an indictment. There are no issues in the two cases that intersect to providing the relevance required for its admission into evidence. Nor is it necessary to provide the jury with evidence to establish any claim the government may make in the case now pending. Finally, the existence of any of the purposes to admit "bad acts" set forth in Rule 404(b) are present to support its admission.

4) **Should the Court agree with the request contained in 3) above it should direct the government's witnesses from testifying to that matter.**

We request the Court to have government counsel direct any witnesses prior to taking the stand that may be aware of Mr. Britton-Harr's health care indictment that they are prohibited from testifying about that matter.

5) **Prohibit any testimony or argument referencing the**

**case of William R. Morris, III et al. v. Patrick Britton-Harr, Case No. C-15-cv-23-002615.**

The above captioned case is a civil case brought by Mr. Morris and Mr. LeBlanc in the Montgomery County Circuit Court in 2023. The Complaint in that case essentially mirrors the facts set forth in the indictment in this case. Discovery was made, including depositions of Mr. Morris, Mr. LeBlanc, Mr. Gilchrist, Mr. Leitess and others, the gentlemen mentioned here most likely will be witnesses in this case. Each testified extensively concerning many of the facts that will be addressed in this case. The case ended with a default judgment against Mr. Britton-Harr.

As stated, counsel believes it is probable that those individuals referenced above will testify in this case. It is possible that these witnesses may make statements inconsistent with their deposition testimony and reference to their deposition testimony could serve as cross-examination material. Counsel believes that such testimony may very well be appropriate but permitting the witness to announce the caption of the case, the parties to the case or the result of the case may not be appropriate.

To permit the jury to be aware of the existence of the civil case and the resulting judgment would confuse the jury; interject the differences between a civil and criminal

6

proceeding; invite a discussion of the meaning of a default judgement and the like that would do nothing more than cause a juror to form an opinion of Mr. Britton-Harr's character.

**6) Should the Court agree with the request contained in 5) above it should direct the government's witnesses from testifying to that matter.**

We request the Court to have government counsel direct any witness prior to taking the stand that may be aware of Mr. Britton-Harr's civil case that they are prohibited from testifying to that fact.

**WHEREFORE,** it is prayed the Court grant the relief requested.

Respectfully Submitted,

/s/ Gerald C. Ruter

_____
Law Offices of Gerald C. Ruter, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland 21287
(410) 238-8000
Ruterlaw@verizon.net

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this document was on this 10th day of April 2026, filed electronically CM/ECF to all counsel of record.

/s/ Gerald C. Ruter

_____
Gerald C. Ruter

7