**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA     *

      v.             *     Case No. ABA-25-0143

  PATRICK BRITTON-HARR     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL**
**BRIEFING REGARDING DEFENDANT'S USE OF ADVICE OF COUNSEL**
**<u>DEFENSE AT TRIAL</u>**

At a motions hearing held on March 25, 2026, the Court took up the government's motion *in limine* it had filed on February 18, 2026, that requested the defense be denied the ability to present evidence or argue the applicability of the advice of counsel defense. ECF 48. The Court ordered further briefing on the issue. The parties, at the Court's direction, agreed to responses being filed by April 17, 2026. ECF 55. This memorandum follows.

The government seeks two remedies regarding the defense's proof and arguments about Mr. Britton-Harr's eligibility for an advice of counsel jury instruction. First, it urges the Court to require the defense to "provide pretrial notice" and "make the proper evidentiary showing that advice of counsel applies" and "that he made full disclosure of all pertinent facts to counsel" and he "took actions in this case in good faith reliance on counsel's advice."

1

In the alternative, the government invites the Court to prevent counsel from "arguing or referencing advice of counsel" and "offering evidence related to advice of counsel, unless he provides the proper evidentiary predicate."

### The Notice Requirement

The government's request is not based upon any constitutional, statutory, or criminal procedure rule. It finds its authority in the courts "inherent authority" according to the government in its brief. (Br. 2). That district courts enjoy inherent authority is not at issue; rather, the question here is whether the court has such power to require the defense in this case, or, if it does, should it exercise that power, to be governed by the government's requests.

We question whether such an Order from the Court would run afoul with Rule 57(b) of the Fed.R.Cr.P. As stated above, there is no authority, outside the use of the court's inherent authority, to require a defendant to announce its intentions and its theory of defending the charges. There are only three Rules that require a defendant to show his hand prior to trial, found in Rule 12.1, 12.2 and 12.3. Advice of counsel is not an uncommon defense strategy, but there is no Rule that sets forth barriers for its use.

The government relies heavily on *United States v. Dallman*, 433 F.Supp.3d 804 (E.D. V. 2020). This district court case

2

involved eight defendants, six of whom proceeded to trial in an illegal copyright and money laundering case. The court ruled that if the defense was going to advance an advice of counsel defense, it must provide notice and discovery ten days prior to trial.

The facts of the *Dallman* case are significant as it relates to the issue at hand. Evidently, Mr. Dallman had been interviewed by the FBI, and he had told the agents that an unidentified attorney was retained for $3000, and he offered an opinion as to the legality of Mr. Dillman's activities. Mr. Dallman also told the agents that after receiving a cease-and-desist order from the Motion Picture Association of America, he took that letter to an unidentified attorney who advised Mr. Dillman to disregard the letter. The opinion further states that the other six defense counsel stated they had not reached a decision as to whether they may assert the defense.

In this case, the government has possession of tens of thousands of email communications, some of which will be used by the government to prove the elements of the offense; and perhaps others that may be used by the defense to argue in favor of an advice of counsel jury instruction. In *Dallman* it was clear that the mysterious attorney offering advice was Dallman's defense and it was possible that defense was contained in a letter marked "privileged" that the government had not seen. The

*Dallman* court pointed out that there were no circuit opinions that have ruled on the issue of notice. The *Dallman* court also cited to *U.S. v. Westbrooks,* 780 F.3d 593, for surther support for its position that notice is a requirement for use of thus defense. However, Ms. Westbrooks, representing herself in a contempt of court (not providing documents after having been subpoenaed to a grand jury) prosecution had raised her advice of counsel argument in a motion for new trial. The district court denied her motion noting, "the defendant was invited to and should have presented all evidence relevant to an advice of counsel defense in her case-in-chief." At 596.

The court noted that some districts have ruled in favor of notice and others have ruled against it. It is believed and therefore averred that this Court has no precedence it must follow.

### The Preclusion of Reference During Opening Statement

Should the Court agree with the defense position that neither notice nor showing (presumably by proffer) is required, it should permit defense counsel to present the issue to the jury with the possibility of a reliance defense being made during the trial. That being said, counsel has no intention of stating to the jury in opening that the defense will prove that Mr. Britton-Harr's actions were predicated upon the advice of counsel.

Counsel is concerned about the government's position that the "Court preclude the Defendant from *any reference* to such a defense…" Br 5. A defendant should have the constitutional right to attempt to build a case for seeking a reliance instruction throughout the course of a trial. If the defense fails in doing so, the Court will not give the jury instruction.

The defense also takes exception with the government's position that should any attempt to build an advice of counsel defense "through witnesses questioning, assertions akin to what were made already in his motion, the government anticipates that it may have to immediately move and argue that the Defendant has waived attorney-client privilege." Br. 5. The concern is that the government must distinguish between communications that may waive the privilege and those that do not automatically do so. The prime example of this might be a collection of documents known as "The Membership Agreement". They were prepared by attorneys retained by AeroVanti who interacted with Mr. Britton-Harr and others. Cross-examining individuals familiar with the agreement or who have discussed the documents with attorneys; or people who have had email communications with the attorneys do not implicate a waiver of the privilege.

In short, the government overstates the possibility of "case disruption, delay or prejudice." Gov't. Mot. *in limine* at 6.

## Conclusion

The Court should deny the government's Motion in limine number 4 at ECF 48.

Respectfully Submitted,

/s/ Gerald C. Ruter

_____
Law Office of Gerald C. Ruter, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland 21237
(410) 238-8000
Ruterlaw@verizon.net


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2026, this document was filed electronically to the Court and counsel by CM/ECF.


/s/ Gerald C. Ruter
_____
Gerald C. Ruter