**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA          *

        v.                          *          Case No. ABA-25-0143

  PATRICK BRITTON-HARR           *

*     *     *     *     *     *     *     *     *     *     *     *     *

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN
LIMINE TO ADMINT EVIDENCE OF DEFENDANT'S ACTS**

Now comes the Defendant, Patrick Britton-Harr, by his attorney, Law Office of Gerald C. Ruter, P.C. and in Response to the Government's Motion in Limine to Admit Evidence of Defendant's Acts says as follows:

On April 10, 2026, at ECF 61 the government submitted this pleading. A response was to have been submitted on April 17, 2026. Counsel inadvertently did not respond to this pleading. On April 17, 2026, government counsel and undersigned counsel agreed that the Defendant could file any response by April 20, 2026. Counsel apologies for the lateness of this submission.

The government moves *in limine* for the Court to find that Rule 404(b) permits the introduction of alleged misrepresentations made by Mr. Britton-Harr in 2023 to an investor, J.M., and the alleged failure of Mr. Britton-Harr to file his 2022 personal income tax returns by introducing a

1

response to an interrogatory in a civil proceeding where Mr. Britton-Harr allegedly made such an admission.

The defense takes no offense to the legal standard enunciated. As with many evidentiary issues, it is the coupling of the legal principles to the facts that creates disagreements.

**A. Defendant Britton-Harr's Material Misrepresentations and Omissions to AeroVanti Investor J.M. in Early 2023.**

The sought testimony is not intrinsic because these alleged conversations arose out of a series A capital raise of funds. What is at issue in the charged conduct arises from a Membership Agreement. Evidently, the government will call witnesses who will testify that Mr. Britton-Harr misrepresented the content of the agreement made by Top Gun members and/or he did not fulfill the mandate of the documents that made up the Membership Agreement. On the other hand, the J.M. deal used an investment strategy that had nothing to do with the Membership Agreement. These two manners of bringing money into AeroVanti are not "inextricably intertwined" nor are they "part of a single criminal episode" nor were they "preliminaries to the crime charged" nor did they arise "out of the same series of transactions as the charged conduct" and finally, they are not "necessary to complete the story of the crime at trial." Gov't. Br. 2.

2

This testimony does not meet the test required for introduction as extrinsic evidence under Rule 404(b) either. J.M. is a sophisticated businessperson, an accountant himself. He should have known of the existence of the lease purchase agreements. Every unitholder in AeroVanti was aware of those agreements or easily could have known of the lease agreements. Under FAA rules, such an agreement was proof of ownership by AeroVanti. In fact, during the time frame in question, AeroVanti did own around 10 airplanes. His testimony of what caused him to invest is speculative and seems more like after the fact "buyer's remorse" rather than empirical evidence upon which one can conclude it is "reliable", the third item 404(b) requires for the introduction of extrinsic evidence.

**B. Defendant Britton-Harr's Failure to File Tax Returns.**

First, the Court should not permit any such evidence to come in through an answer to interrogatories in a civil case designed by the DOJ Civil Division to collect on its judgment. It may result in a trial within a trial that would totally prejudice Mr. Britton-Harr. How probative it is of anything when Mr. Britton-Harr last filed a tax return in 2018 is puzzling. AeroVanti was not yet born for years to come. The government wishes to introduce the fact that a return was not filed in 2022 because he was hiding his income, and had he filed an income tax return, he would incriminate himself by exposing his

fraudulently obtained funds. Such an argument is patently unfair. It would suggest to the jury that he had filed tax returns before and after 2022, and the only reason he did not file in 2022 was because he had absconded with $14.5 million. To permit this, places Mr. Britton-Harr in the position of introducing evidence that he has not filed a return for six consecutive years to persuade the jury that his non-filing had nothing to do with avoiding being discovered by the government or, somehow, by the Top Gun members. To permit it will allow the government to make an argument that may very well be untrue, or, at the very least, not supported by evidence.

**Conclusion**

The Court should deny the government's motion *in limine* for the reasons stated.

Respectfully Submitted,

/s/ Gerald C. Ruter

_____
Law Offices of Gerald C. Ruter, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland 21237
(410) 238-8000
Ruterlaw@verizln.net

4

## Certificate of Service

I HEREBY CERTIFY that this document was electronically filed with the Court and all counsel of record on this 20th day of April, 2026, by CM/ECF.

/s/ Gerald C. Ruter

_____
Gerald C. Ruter